IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA


Kevin Norris Guyton,
           Petitioner

     vs.                                    CIVIL.NO.08-cv-80816-DTKH

UNITED STATES OF AMERICA,
           Respondent.
_____/

MOTION BY PETITIONER PURSUANT TO RULE 60 (b)(1)and(6)
VACATE AND OR ALTER IT'S JUDGMENT IN ACCORDANCE WITH
⌊DE.#24.⌋

TO THE HONORABLE COURT:

     COMES NOW Petitioner Kevin Norris Guyton in the above caption
civil case moves this Honorable Court in acordance and pursuant to
Rule 60(b) to reopen it's August 20,2009 order adopting Magistrate
Judge R/R ⌊DE.#24⌋ and alter and or vacate it's judgment inaccordance
(1) under newly information as evidence Petitioner Guyton have obtained
reflects and demonstrates  the information the District Court reliance on
in rendereding career offender sentence as to State conviction 95-7971
CFA02, without any counsel;(2) the adjudication of guilty when review
beyond the charge as being attempt extortion "verbally or written
communication see attach Assistance State Attorney Information to Charge
does not assess to extortion violence or injury , where petitioner was
only sentenced to 3 years  imprisonment. see attach.

     Also the prior Florida State allege drug conviction used in the
instand case at bar to enhance petitioner Guyton under 21 U.S.C.§851
was a drug charge Possession of Cocaine **"Nolle Prosseed" and  Poss
of Paraphernailiia & Poss of Marijuana less than 20 grams 180 days
with 10 days credit as Time served,** such conviction does not trigger §851
and this information was never before the Court and the Government never met its
burden providing any other information , see attach as Petitioner Exhibit.B.

     Petitioner guyton invoking mandate caslaw under **Clisby v. Jones, 960 F.2d 925
(11th.Cir.). Magistrate Judge R/R never made these determination** ⌊DE.#17. or DE.#24⌋.

page 2.

Also there is dispute as to constitutional issues stated  under
complusory process sixth amendment requirement and the production of
a handwritten letter allege to be procured to counsel by petitioner
Guyton presented by fraud-in-the-inducment  detracting the truth of
matters and deprived petitioner choice in his only defense, presenting
wintesses in favor and evidence.see as stated and held in Florida v.
Nixon, 543 U.S. 175 92004), the U.S Supreme Court made clear that defense
attorneys' constitutional and ethical obligation to consult with their
client does not require them to obtain express consent from the clients
regarding decisions of strategy.  At the same time however the **Nixon
court reaffirmed** the Sixth Amendment principle-established in Jones v.
Barnes, 463 U.S. 745 (1983), and other cases that some decisions
respectfing certain rights are so fundamental that the accused's choice
will override that of learned counsel.  Such rights cannot be waived by
counsel without defendant's informed consent on the record. These
decisions include the choice whether to plead guilty, whether to testify
and whether to take an appeal, In addition Rule 1.2(a) of the ABA's
Model Rules of Professional Conduct provides,. in part that a lawyer
shall abide by a client's decisions concerning the objective of
representation and as required by Rule 1.4, shall consult with the client
as to the means by which they are to be pursued. a lawyer may take such
action on behalf of the client as is impliedly authorized to carry out
the representation...In a criminal case, the lawyer shall abide by the
client's decision, after consulting with the lawyer, as to client will
testify or present witnesses in favor.

page 3.

As it reflect in this case at bar petitioner Guyton did confer and consult with counsel in obtaining wintesses where the witnesses did contact Counsel law office and this cannot be refuted also after confer and consulted with counsel ,Mr.Guyton wanted to take the stand counsel now tries refute this fact by manufacturing a procure letter that allege to be written by petitioner Guyton this letter never procured by Mr.Guyton and was presented by fraud-in-the-inducment  to pursuade the District Court to render an adverse findings against petitioner Guyton where also Rule 60 (b) directly mandates on the Court to review this type of prohibited conduct upon the court. **"There was a need for hearing to determine".**

MEMORANDUM  OF LAW IN SUPPORT OF CLAIMS:

The Eleventh Circuit Court of Appeals have held see Gonzalez v. Sec'y for Dep't of Corr., 366 F.3d 1253, 1256 (11th.cir.2004)(en banc) (a rule 60(b) motion can only be used to get around the statutory restrictions if the motion fit within one of two exceptions. The first is when a judgment is reopened under Rule 60(b), and the second is where there was fraud upon the federal court which led to the deniel of the petition of the habeas petition or newly discovery informaion as evidence obtained after the decision render in the petition. Gonzalez, 366 F.3d at 1278. **See also stated in SUGRIM v. USA,App.#09-10921(11th.Cir.COA GRANTE**

The information presented of the prior two State Conviction obtained after the filing ,response and determination and adoption of Magistrate R/R as to ⌊DE.#24⌋. see attach as Petitioner Exhibit.A.  Prior drug conviction Possession Cocaine this was Nolle Prossed removal of detainer received 03/11/2009  and attempt extortion verbal communication received information after the initial filing ,response and determination of habeas petition see also attach that also the court use in sentencing petitioner as career offender and §851.

page 4.

As the Eleventh Circuit Court of Appeals held information used under U.S.S.G.§4B1.2 prior conviction, "the focus of the inquiry must be upon "the conduct of which the defendant was convicted.' citing Spell, 44 F.3d at 940, quoting U.S.S.G.§4B1.2, comment (n.2), as the Court further stated "The fact that Appellant's conviction was obtained through a plea agreement heightens concern that Appellant's sentence enhancement may rely upon a crime for which he was never convicted. **Spell, 44 F.3d at 940.** The burden of proof for establishing that a sentence enhancement is warranted lies with the prosecution and it is the duty of the district court to insure that the prosecution carries its burden of proof, see United States v. Lawrence, 47 F.3d 1559, 1566-69 (11th.Cir.1995). The inquiry in resolving the ambiguity of the 1993 convictions should not involve a retrial of the prior convictions, but should be limited to examining easily produced and evaluated court documents, such as any helpful plea agreements or plea transcripts, and presentencing reports adopted by the sentencing judges, and any findings made by the sentencing judges, see **Spell, 44 F.3d at 939.**

In accordance in U.S. v. Hernandez, 145 F.3d 1441(11th.Cir.)(In accord with our established precedent, since we must vacate the sentence based upon status as a "career offender" and that portion of the sentence dealing we vacate the whole sentence and remanding for sentencing.

Petitioner Guyton avers from the inception at his sentencing he timely objected to the information and prior conviction and the Court taken judicial notice representing counsel was not prepared to agrue the claims which prejudice Petitioner Guyton and the Court sentence Petitioner under career offender statute , Petitioner Guyton invoke his liberty interest under these claims, had it not been for ineffective assistance of counsel the out come would have been different the cause and prejudice exist where Petitioner sustained a sentence of 262 months.

page 5.

Wherefore Petitioner Kevin Norris Guyton avers he shown that jurists of reason would have also find it debateable whether the district court had erred in its determination and findings. see ⌊DE.#17⌋ and ⌊DE.#18⌋.  Petitioner ask that these motion is granted under Rule 60(b) Fed.R.Civ.Pr. an hearing is order or in the aletrnative vacate or alter it's judgment  as stated for in the above.

Petitioner Guyton further states and submits under the penalty of perjury he received ⌊DE.#24⌋ of August 20,2009 court decision and judg-ment not until late October 2009 delivered to him at FCI MIAMI "SHU" Inmate Special Housing Unit, due to him limited knowledge and educational skills he have now for limited purpose prepare this response for a reconsideration under Rule 60 (b) of his claims before seeking to file review under COA provisions  Petitioner requesting for stay of COA filing or determination until this motion is determine respectfully this day December 6,2009 in light of obtaining information as newly evidence. SUBMITTED BY AFFIDAVIT OF CLAIMS BEING TRUE AND CORRECT CERTIFY UNDER 28 U.S.C.§1746:      /s/Kevin Guyton  _Kevin Guyton_

/s/Kevin Guyton  _Kevin Guyton_
Kevin Guyton-Petitioner
Reg.#75264-004
P.O. BOX 779800
FCI MIAMI
Miami,Fl 33177

**PETITIONER EXHIBIT .A.**

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, STATE OF FLORIDA
SPRING TERM 1995
CRIMINAL DIVISION "V" (PAR)

STATE OF FLORIDA          **ORIGINAL**          CASE NO. 95-07971-CF
                                                BOOKING NO. 95024873
VS.

KEVIN GUYTON, B/M, 08/29/'58, 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

_____/

### INFORMATION FOR:

EXTORTION

In the Name and by Authority of the State of Florida:
BARRY E. KRISCHER, as State Attorney for the Fifteenth Judicial Circuit, Palm
Beach County, Florida, by and through his undersigned Assistant State
Attorney, charges that KEVIN GUYTON on or about JULY 31, 1995, in the County
of Palm Beach and State of Florida, did verbally or by written communication
maliciously threaten an injury to the person, property or reputation of
VICKI OWINGS, or maliciously threaten to expose VICKIE OWINGS to disgrace,
or to expose any secret affecting VICKIE OWINGS, with intent thereby to
extort money or any pecuniary advantage whatsoever, or with intent to compel
the person so threatened, or any other person, to do any act or refrain from
doing any act against his or her will, contrary to Florida Statute 836.05. (2
DEG FEL) (LEVEL 6)

MLM/1w

_Michael L Morgan_
MICHAEL L. MORGAN
FL. BAR NO. 220213
Assistant State Attorney
Palm Beach County, Florida

STATE OF FLORIDA
COUNTY OF PALM BEACH

Appeared before me, MICHAEL L. MORGAN Assistant State Attorney for Palm
Beach County, Florida, personally known to me, who, being first duly sworn,
says that the allegations as set forth in the foregoing information are based
upon facts that have been sworn to as true, and which, if true, would
constitute the offense therein charged, that this prosecution is instituted
in good faith, and certifies that testimony under oath has been received from
the material witness or witnesses for the offense.

_Michael L Morgan_
Assistant State Attorney

Sworn to and subscribed to before me this _16_ day of August, A.D.,
1995.

HEIDI L. WASHBURN
MY COMMISSION # CC362854 EXPIRES
June 14, 1998
BONDED THRU TROY FAIN INSURANCE, INC.

_____
NOTARY PUBLIC, State of Florida

CAH
6

## PLACE OF COMMITMENT

[✔] The Defendant is hereby committed to the custody of the Department of Corrections.
[ ] The Defendant is hereby committed to the custody of the Sheriff of Palm Beach County, Florida.
[ ] The Defendant is sentenced as a youthful offender in accordance with F.S. 958.04.

## TERM OF IMPRISONMENT

TO BE IMPRISONED
[ ] For a term of Natural Life   [✔] For a term of **3 years (Habitual felony offender**
[ ] Said SENTENCE SUSPENDED for a period of _____ subject to conditions set forth in this order.

If "split" sentence, complete either of these two paragraphs
[ ] However, after serving a period of _____ imprisonment in _____ the balance of such sentence shall be suspended and the Defendant shall be placed on probation/community control for a period of _____ under supervision of the Department of Corrections according to the terms and conditions of probation/community control set forth in a separate order entered herein.

[✔] Followed by a period of **10 years** on probation/community control under the supervision of the Department of Corrections according to the terms and conditions of probation set forth in a separate order entered herein.

In the event the Defendant is ordered to serve additional split sentences, all incarceration portions shall be satisfied before the Defendant begins service of the supervision terms.

## SPECIAL PROVISIONS

### (As to Count(s) __1__ )

By appropriate notation, the following provisions apply to the sentence imposed:

## MANDATORY/MINIMUM PROVISIONS:

| | | |
|---|---|---|
| FIREARM | [ ] | It is further ordered that the 3 year minimum provisions of Florida Statute 775.087(2) are hereby imposed for the sentence specified in this count. |
| DRUG TRAFFICKING | [ ] | It is further ordered that the ___ year mandatory minimum provisions of Florida Statute 893.135(1) are hereby imposed for the sentence specified in this count. |
| CONTROLLED SUBSTANCE WITHIN 1000 FEET OF SCHOOL | [ ] | It is further ordered that the 3 year minimum provisions of Florida Statute 893.13(1)(e)1. are hereby imposed for the sentence specified in this count. |
| HABITUAL FELONY OFFENDER | [✔] | The Defendant is adjudicated a habitual felony offender and has been sentenced to an extended term in this sentence in accordance with the provisions of Florida Statute 775.084(4). The requisite findings by the court are set forth in a separate order or stated in the record in open court. |
| HABITUAL VIOLENT FELONY OFFENDER | [ ] | The Defendant is adjudicated a habitual violent felony offender and has been sentenced to an extended term in accordance with the provisions of Florida Statute 775.084(4). A minimum term of ___ years must be served prior to release. The requisite findings by the court are set forth in a separate order or stated on the record in open court. |
| LAW ENFORCEMENT PROTECTION ACT | [ ] | It is further ordered that the defendant shall serve a minimum of ___ years before release in accordance with Florida Statute 775.0823. |
| CAPITAL OFFENSE | [ ] | It is further ordered that the Defendant shall serve no less than 25 years in accordance with the provisions of Florida Statute 775.082(1). |
| CONTINUING CRIMINAL ENTERPRISE | [ ] | It is further ordered that the 25 years mandatory minimum sentence of Florida Statute 893.20 is hereby imposed for the sentence specified in this count. |
| TAKING OFFICER'S FIREARM | [ ] | It is further ordered that the defendant shall not be released prior to serving a mandatory minimum period of three years in accordance with Florida Statute 775.0875. |

3

**PETITONER EXHIBIT.B.**

BP-S394.058 **DETAINER ACTION LETTER**   CDFRM
MAR 03
**U.S. DEPARTMENT OF JUSTICE**                    FEDERAL BUREAU OF PRISONS

| To Palm Beach County Sheriff Office<br>Warrants - Tina Robbins<br>3228 Gun Club Road<br>West Palm Beach, FL 33406-0001<br>Fax: 561-688-3933 | Institution FCI MIAMI<br>15801 SW 137 Avenue<br>Miami, FL 33177 FAX: 305-259-2214 |
| | Date 03-11-2009 |

| Case/Dkt#02005CF01038A<br>XX | Inmate's Name GUYTON,<br>KEVIN LENORIS | Fed Reg No. 75264-004 | DOB/SEX/RACE 12-26-86<br>B/M |
| Aliases | | Other No. | |

The below checked paragraph relates to the above named inmate:

☐     This office is in receipt of the following report:_____
_____. Will you please investigate this
report and advise what disposition, if any, has been made of the case. If subject is wanted by
your department and you wish a detainer placed, it will be necessary for you to forward a
certified copy of your warrant to us along with a cover letter stating your desire to have it
lodged as a detainer.  If you have no further interest in the subject, please forward a letter
indicating so. RELEASE DATE IS UNKNOWN AT THIS TIME.

☐     A detainer has been filed against this subject in your favor charging _____ .
Release is tentatively scheduled for _____, however, we will notify you no later than **60
days** prior to actual release.  **To check on an inmate's location, you may call our National
Locator Center at: 202-307-3126 or check our BOP Inmate Locator Website at www.bop.gov.**

☐     Enclosed is your detainer warrant. Your detainer against the above named has been removed in
compliance with your request.

☒     Your detainer warrant has been removed on the basis of the attached FAX TRANSMISSION DATED 10-
22-2008 TO MR. RICHARDSON . Notify this office immediately if you do not concur with this
action.

☐     Your letter dated _____ requests notification prior to the release of the above
named prisoner. Our records have been noted. Tentative release date at this time is _____
_____ .

☐     I am returning your _____ on the above named inmate who was committed
to this institution on _____ to serve _____ for the offense of
_____ . If you wish your _____ filed as a detainer,
please return it to us with a cover letter stating your desire to have it placed as a hold or
indicate you have no further interest in the subject.

☐     Other:


                                            Sincerely,
                                            *M.A. Lawrence*
                                            M.A. Lawrence
                                            Supervisory Inmate Systems Supervisor


Original - Addressee, Copy - Judgment & Commitment File; Copy - Inmate; Copy - Central File (Section
1); Copy - Correctional Services Department

(This form may be replicated via WP)

                                            (Replaces BP-394(58) dtd FEB 1994)



# PALM BEACH COUNTY SHERIFF'S OFFICE

# FACSIMILE TRANSMISSION

## *Tina H. Robbins*

### Fugitive Warrants/ICE

### TELEPHONE: (561) 688-3943     FAX: (561) 688-3933

**DATE:** 10/22/2008                                    **TIME:** 3:30 PM

**TO:** Mr. Richardson, FCI-Miami        **FAX NUMBER:** 305-239-3160

## TOTAL NUMBER OF PAGES, INCLUDING COVER SHEET: 0

## REMARKS:

REF: GUYTON, KEVIN   B/M   08/29/58
FED REG # 75264-004

RE: CASE # 2005CF001038AXX

Dear Mr. Richardson,

Please let this fax serve as your notification to remove the Detainer lodged against the above subject on the Case # listed above.

As to Ct 1) Poss of Cocaine this was Nolle Prosseed
As to Cts 2 & 3) Poss of Paraphernalia & Poss of Marijuana less than 20 grams subject was given 180 days with 10days credit as of 08/04/05. Time served.

Please remove our detainer as subject is no longer needed.

Thanks for your assistance. Should you need anything further I can be reached at the above number.

THIS FACSIMILE CONTAINS PRIVILEGED AND CONFIDENTIAL INFORMATION INTENDED FOR THE USE OF THE ADDRESSEE(S) NA ABOVE. IF YOU ARE NOT THE INTENDED RECIPIENT OF THIS FACSIMILE, OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVER IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY COPYING OR DISSEMINATION OF THIS FACSIMILE IS STRIC PROHIBITED. IF YOU HAVE RECEIVED THIS FACSIMILE IN ERROR, PLEASE IMMEDIATELY NOTIFY ME BY TELEPHONE TO ARRANGE