UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-80816-CIV-HURLEY

KEVIN NORRIS GUYTON,
        petitioner,

vs.

UNITED STATES OF AMERICA,
        respondent.
_____/

ORDER DENYING GOVERNMENT'S MOTION FOR RECONSIDERATION

THIS CAUSE is before the court upon the government's motion for reconsideration of

order granting, in part, petitioner's application for certificate of appealability [DE# 46].

The government contends, *inter alia*, that there can be no debatable issue as to whether

defense counsel's failure to object to petitioner's Florida extortion conviction as a "crime of

violence" within the meaning of U. S. S. G. §4B1.2(a)(2) constitutes ineffective assistance of

counsel, because the record supports a finding that petitioner's prior extortion conviction meets

the generic definition of extortion and therefore qualifies as a predicate offense that supports his

§4B1.1 career offender enhancement.

Citing to the long standing principle that a defendant's failure to object to statements in the

PSR renders those statements undisputed and permits the sentencing court to rely upon them even

in the absence of supporting evidence, *see e.g. United States v Beckles*, 565 F.3d 832, 844 (11th

Cir. 2009), citing *United States v Hedges*, 175 F.3d 1312, 1315 (11th Cir. 1999); *United States v*

*Bennett*, 472 F.3d 825 (11th Cir. 2006), the government contends that because petitioner did not

object at time of sentencing to the summary description of the prior extortion offense contained in

the PSR, as recited by the probation officer, he has admitted these facts as true and the court could properly rely upon them as a basis for finding a criminal conviction history which includes the offense of generic extortion. The cases cited by the government, *Beckles* and *Hedges,* both involved challenges to sentencing enhancements raised on direct appeal.

In the instant §2255 proceeding, however, petitioner's challenge to his sentencing enhancement is raised in a collateral attack through the vehicle of an ineffective assistance of counsel claim. In this context, where petitioner challenges the adequacy of counsel's objections to his career offender classification, the ineffective assistance claim necessarily touches upon the adequacy of counsel's objections to the PSR, and it is therefore not appropriate to extrapolate statements contained in the PSI as true for sentencing purposes. Had defense counsel timely objected to the portion of the PSR where the probation officer inserted a summary description of the extortion offense -- most likely derived from a police report -- as non-*Shepard* materials, the probation officer's synopsis would likely be inadmissible and the burden would have shifted to the government to prove the circumstances of the offense under the limitations of *Shepard.*

That counsel's failure to object to this portion of the PSR touches upon petitioner's ineffective assistance claim is illustrated in the following sentencing colloquy, where petitioner himself attempted to interject his objections to the factual content of the PSR, but defense counsel interrupted and then reported no objections:

THE COURT:           Again, so we are very focused because of the terribly important issues
                     that are raised in this case, and for the clarity of the record, are there
                     any factual objections being raised by the defense?

MR. GERSHMAN:        I do not have any, judge.
(Defense counsel)

2

| | |
|---|---|
| THE COURT: | Let me turn to the government.  Any factual objections being raised by the Government? |
| MR. MCMILLAN, JR.: (Government counsel) | United States has no factual objections, Your Honor. |
| THE COURT: | Let's move into the second category.  Are there any legal objections being raced (sic) by the defense? |
| MR. GERSHMAN: | Yes, Your Honor.  In the pleadings I filed, I filed two separate pleadings, one notice denying allegations in the information charging prior conviction filed contemporaneous with my objections and response to the pre-sentence report. |
| **THE COURT;** | **I have just asked whether either side has any factual objections. I am assuming every fact set forth in the pre-sentence investigation report including prior arrests and convictions they are factually accurate**. |
| **THE DEFENDANT:** | **No.** |
| MR GERSHMAN: | I am not sure how to address this.  The defendant wants to address the court. |
| THE COURT: | Let me stop you for a second.  I want to make sure both sides understand the rules that govern the sentencing proceedings. ... Let me go back to Mr. Gershamn so I understand the defense position. Any factual objections to be raised by the defense? |
| MR. GERSHMAN: | When you said facts, I thought you meant facts of the case. |
| THE COURT: | No. |
| .... | |
| MR. GERSHMAN: | Going backwards in the presentence report a little bit, page six, paragraph 19 regarding enhancements. |
| THE COURT; | Those are legal issues.  Any factual statements that are wrong? |
| MR. GERSHMAN: | No. |
| .... | |
| MR. GERSHMAN: | Page six, paragraph 14, the chapter four enhancement.  Page two of my response to the PSR, contemporaneous with the filing of the response I deny allegations of the government information charged in |

3

the prior conviction.  I think a lot of the issues are commingled with each other in the career offender situation that the defendant finds himself.  ....

THE COURT:  I am not understanding you, what are you contending in a brief way and then I will go back and deal with it.  In a nutshell, what is the problem?

MR. GERSHMAN:  The defendant claims he is not a career offender.

THE COURT:  Why?

MR. GERSHMAN:  That is difficult.  I don't think there is a short answer to that.

THE COURT;  Does he deny he was convicted of the two predicate offenses.

MR. GERSHMAN:  I don't think that is a denial of that but those should not be predicates for the career offender.

....

THE COURT:  I need to take you one step further or ask you to take me one step further.  Can you tell me how would you describe the reason Mr. Guyton put forth why you should not use those two predicate offenses.

MR. GERSHMAN:  Those answers are from a legal point of view me talking and one from him talking.

....

MR. GERSHMAN:  From a legal point of view, extortion of (sic) the drugs are qualifying predicates, however, based upon the situation, he should not be declared such by the court.  From the defendant's prospective (sic), although extortion is enumerated in the Guidelines as a predicate, the facts of that case shouldn't have been pled to extortion.

[Transcript of Sentencing, pp. 4- 12] [DE# 12-6].

At a later juncture in the sentencing proceedings, defense counsel more precisely relayed petitioner's characterization of the prior extortion offense in a manner diametrically at odds with that set forth by the probation officer in the PSR:

4

MR. GERSHMAN:          As previously argued, I think I was the first one to say extortion is specifically enumerated, however, in this case, the defendant wants the court to know the facts supporting that label as put forth in the certified conviction should not be considered extortion for career offender purposes.  It was a situation where I would proffer the defendant would state that he didn't attempt and/or extort anybody.  It was an argument over money.  Although he pled to it, he had an attorney, Mr. Haddad looks like from the paperwork I was provided, and the underlying facts supported same although pled to are not an extortion, and therefore, not qualifying offense.

THE COURT:          Okay , anything further?  How about the other matter?

MR. GERSHMAN:          No comment.

[Transcript of Sentencing Proceedings, pp. 22][DE# 12-6].  It would appear, based on this exchange, that petitioner effectively contested the description of the extortion offense contained in the PSI, while conceding only the fact of the conviction itself. While that position was not consistently advanced by defense counsel throughout the sentencing proceeding, the earlier variances in his articulation of his factual objections, viewed against this exchange, simply serve to underscore the court's conclusion that reasonable jurists could debate the existence of an ineffective assistance claim based on the adequacy of defense counsel's challenge to the prior extortion offense as a predicate for petitioner's career offender sentencing enhancement.

It is accordingly **ORDERED AND ADJUDGED**:

The government's motion for reconsideration of the order granting, in part, petitioner's application for a certificate of appealability [DE# 46] is **DENIED.**

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida this 24th  day of

February, 2011.

Daniel T. K. Hurley
United States District Judge

cc.

John McMillan, Jr., AUSA

Randee J. Golder, Esq.

Kevin Norris Guyton
Reg. No. 75264-004
Federal Medical Center
PO Box 14500
Lexington, KY 40512

Eleventh Circuit Court of Appeals